UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| DONALD COUTURE, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:16cv1486(KAD) |
| | : | |
| CAROL CHAPDELAINE, | : | |
| Respondent. | : | |

# **RULING ON MOTION TO DISMISS**

**Preliminary Statement**

The petitioner, Donald Couture (Couture") is an inmate currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. He brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1991 convictions for felony murder. The respondent has moved to dismiss the petition on the ground that it is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). For the following reasons, the motion is granted.

**Procedural Background**

In 1981, a jury convicted Couture of three counts of felony murder and a judge sentenced Couture to a total effective term of imprisonment of seventy-five years to life. *See State v. Couture*, 194 Conn. 530, 531 (1984), *cert. denied*, 469 U.S. 1192 (1985). On October 2, 1984, the Connecticut Supreme Court overturned the convictions. *See id.* at 560-65. In November 1986, the State of Connecticut tried Couture a second time. *See State v. Couture*, 218 Conn. 309, 311 (1991). The second trial ended in a mistrial. *See State v. Couture*, 160 Conn. App. 757, 759

*cert. denied*, 320 Conn. 911 (2015). In May 1989, the State of Connecticut tried Couture a third time. *See Couture*, 218 Conn. at 311. The jury convicted Couture of three counts of felony murder in violation of Connecticut General Statutes § 53a-54c. *See id.* at 310. On June 1, 1989, a judge sentenced Couture to a total effective sentence of seventy-five years to life. *See* Pet. Writ Habeas Corpus, ECF No. 1-2, at 2. On April 16, 1991, the Connecticut Supreme Court affirmed the judgments of conviction. *See Couture*, 218 Conn. at 324, 589 A.2d at 351.

On January 2, 2009, in the Connecticut Superior Court for the Judicial District of Tolland, Couture filed a petition for writ of habeas corpus. *See Couture v. Warden*, No. CV094002847, 2014 WL 1013466, at *1 (Conn. Super. Ct. Feb. 18, 2014). On March 16, 2012, Couture filed an amended petition. *See id.* On September 4, 2012, after a hearing, the court granted the respondent's motion to dismiss as to the first ground of the amended petition and denied the motion as to the remaining grounds. *See id.* On October 1, 2013, Couture withdrew several grounds in the amended petition and the court held a hearing on the remaining grounds. *See id.* On February 14, 2014, the court granted the amended petition as to the request that Couture's right to seek sentence review be reinstated, but otherwise denied the amended petition. *See id.* at *10.

On October 27, 2015, the Connecticut Appellate Court affirmed the decision of the Connecticut Superior Court. *See Couture,* 160 Conn. App. at 776. On December 23, 2015, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Connecticut Appellate Court. *See Couture v. Comm'r of Correction*, 320 Conn. 911 (2015).

**Discussion**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes a one-year statute of limitations on the filing of a federal petition for a writ of habeas corpus challenging a state court judgment of conviction. 28 U.S.C. § 2244(d)(1). Under the AEDPA, a state prisoner seeking federal habeas relief must file his petition within one year of the "(A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;…" 28 U.S.C. § 2244(d)(1)(A)[1]. The limitations period may be tolled for the period during which a properly filed state habeas petition is pending. *See* 28 U.S.C. 2244(d)(2).

Here, the respondent argues that the present petition was not timely filed and is barred. In response, Couture contends that he filed the petition within one-year of when his state habeas petition became final.

As indicated above, on April 16, 1991, the Connecticut Supreme Court affirmed Couture's convictions and sentence. Therefore, for purposes of the AEDPA, Couture's convictions and sentence would have become final on July 15, 1991, the conclusion of the ninety-day period within which he could have filed a petition for *certiorari* seeking review by the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). However, Couture's conviction became final before the enactment of the AEDPA on April 24, 1996. As a result, the limitations period applicable to his petition began running on the date of enactment, April 24, 1996 and expired on April 24, 1997. *See Wood v. Milyard*, 566 U.S. 463, 468 (2012) ("For a prisoner whose judgment became final before AEDPA was enacted, the one-year

---

[1] There are three other events that can trigger the commencement of the running of the limitations period, none of which are implicated here.

limitations period runs from the AEDPA's effective date: April 24, 1996. . . . and expire[s] on April 24, 1997, unless [prisoner] had a 'properly filed' application for postconviction relief 'pending' in . . . state court during that period."); *Ross v. Artuz*, 150 F.3d 97, 102-03 (2d Cir. 1998) (same). Couture did not file a habeas petition in the Connecticut Superior Court until January 2, 2009, many years after the limitations period had lapsed. The habeas petition became final on December 23, 2015.

Couture asserts that it is this December date from which the one year limitations period runs. He is wrong. Although the time during which a properly filed application for state post-conviction or other collateral review is pending tolls the one-year limitations period, 28 U.S.C. §2244(d)(2), the filing of a state petition for writ of habeas corpus after the limitations period has already run does not re-start the one-year limitations period. *See Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005) (a state petition does not toll the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), unless petition is 'pending' [in state court] **during the tolling period**"); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (Section 2244(d)(2) "excludes time during which properly filed state relief application are pending, but does not reset the date from which the one-year statute of limitations begins to run"); *Brewer v. Lee*, No. 16-CV-4051 (RRM), 2019 WL 1384074, at *2 (E.D.N.Y. Mar. 26, 2019) (Where post-conviction motions were filed after the one year limitations period had lapsed, they did not toll the limitations period.)

As such, the 2009 petition in state court could not and did not toll the already lapsed limitations period. The present petition is untimely.[2]

**Conclusion**

The Motion to Dismiss the Petition as Time-Barred, [**ECF No. 10**], is **GRANTED**. The court further concludes that jurists of reason would not find debatable the question of whether the petition was timely filed. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment and close this case.

SO ORDERED at Bridgeport, Connecticut this 15th day of July, 2019.

                /s/ Kari A. Dooley
                Kari A. Dooley
                United States District Judge

---

[2] Couture relies upon the fact that his state habeas petition was not final until December 2015 in arguing that his petition in this matter was timely under the AEDPA. He does not argue or even suggest that the limitations period should be equitably tolled for the eleven years that elapsed between April 26, 1997 and the filing of the state habeas petition in 2009. Nor does this court see any basis upon which to invoke the principles of equitable tolling. *See, Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) ("equitable tolling is warranted only in rare and exceptional circumstances"). The doctrine of equitable tolling requires a petitioner to demonstrate: (1) that he or she has been pursuing his or her rights diligently and (2) that extraordinary circumstances involving an external obstacle beyond his or her control prevented him or her from filing the petition in a timely manner. *See Holland*, 560 U.S. at 649 (internal quotation marks and citation omitted).